IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RANDALL PATTERSON, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: |
| | ) |
| v. | ) |
| | ) |
| SOUTHWEST AIRLINES CO., | ) |
| AIRTRAN AIRWAYS, INC., | ) |
| KATHLEEN GAY and TIFFANY | ) |
| LAURENT | ) |
| | ) |
| Defendants. | |

## **COMPLAINT**

Plaintiff sets forth the following claims for relief:

1.

This is an action under the Family Medical Leave Act, 29 U.S.C. §2615 asserted via 29 U.S.C. §2617 ("FMLA").

Jurisdiction and Venue

2.

The subject matter jurisdiction of this Court is conferred by 28 U.S.C. §§ 1331, 1343(a), 2201 and 2202, and under principles of ancillary jurisdiction.

3.

Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

4.

Plaintiff is a citizen of the United States and a former employee of Defendant AirTran Airways, Inc.

5.

Defendant Southwest Airlines Co. ("SWA") is an "employer" within the meaning of the Family Medical Leave Act and has fifty (50) or more employees.

6.

Defendant AirTran Airways, Inc. ("AirTran") is an "employer" within the meaning of the Family Medical Leave Act and has 50 or more employees.

7.

Defendant AirTran is a wholly-owned subsidiary of SWA.

8.

At all times relevant to this action, Defendant Kathleen Gay ("Gay") was an Inflight Supervisor for Defendant AirTran and is an agent of Defendants SWA and AirTran.

2

9.

Defendant Gay is being sued in her individual and official capacity as to 29 U.S.C. § 2615, asserted via 29 U.S.C. § 2617.

10.

At all times relevant to this action, Defendant Tiffany Laurent ("Laurent") was an Assistant Base Manager for Defendant AirTran and is an agent of Defendants SWA and AirTran.

11.

Defendant Laurent is being sued in her individual and official capacity as to 29 U.S.C. § 2615, asserted via 29 U.S.C. § 2617.

The Underlying Facts

12.

Plaintiff was employed by AirTran from November 8, 2006 through his termination on December 13, 2013.   Plaintiff was hired as a customer service agent in Detroit and eventually interviewed for and was transferred to In-Flight as a Flight Attendant, based in Atlanta, in February of 2008.

3

13.

Plaintiff was an "eligible employee" within the meaning of the Family Medical Leave Act in the twelve (12) months prior to December of 2012 and the twelve months prior to December of 2013.

14.

In May of 2012, Plaintiff submitted FMLA paperwork for a recurring and intermittent serious health condition which would require him to miss work for episodic flare-ups of sinusitis.

15.

In June of 2012, Plaintiff's aforementioned FMLA request was approved by AirTran, in writing, via a document titled "Qualification/Designation Notice".

16.

AirTran's "Qualification/Designation Notice" only required Plaintiff to notify his supervisor "as soon as practicable for every intermittent FMLA leave" he would take due to his condition.

17.

In November of 2012, Plaintiff submitted renewed FMLA paperwork for his

recurring and intermittent serious health condition which would require him to miss work during episodic flare-ups of sinusitis.

18.

In November of 2012, Plaintiff's FMLA renewal was approved by AirTran.

19.

On February 14, 2013, Plaintiff experienced an episode of sinusitis.

20.

Plaintiff called AirTran to inform them of his intention to be absent from work and to use leave under FMLA for this absence. Plaintiff's request was received prior to Plaintiff's scheduled report time for work that day.

21.

On March 13, 2013, Plaintiff was formally reprimanded for a "Late Sick" for his February 14, 2013 absence by his In-Flight Supervisor.

22.

Plaintiff was informed that he would still incur "points", and it would thereby be counted as an unexcused absence, should he attempt to use FMLA leave within 2 hours of his scheduled check-in time.

23.

Plaintiff was assessed three (3) points for his absence of February 14, 2013.

24.

Flight Attendants who are assessed twelve (12) points in any twelve (12) month period may be terminated at the discretion of their supervisor and/or the Assistant Base Manager.

25.

The assessment of points for "Late Sick" is listed nowhere in the written FMLA approval notices Plaintiff received.

26.

The assessment of points for "Late Sick" is listed nowhere in the Collective Bargaining Agreement negotiated by Council 57 of the Association of Flight Attendants AFA-CWA, ALF-CIO.

27.

In May of 2013, Plaintiff submitted renewed FMLA paperwork for his recurring and intermittent serious health condition which would require him to miss work during episodic flare-ups of sinusitis.

28.

In June of 2013, Plaintiff's FMLA renewal was approved by AirTran.

29.

In September of 2013, Plaintiff submitted new FMLA paperwork for a new serious health condition where Plaintiff would intermittently miss work due to episodes of muscle spasm and pain in his neck, mid-back and lower back stemming from an auto accident.

30.

In September of 2013, Defendant AirTran approved Plaintiff's new FMLA request.

31.

On October 26, 2013, Plaintiff experienced an episode of sinusitis and called AirTran to inform them of his intention to be absent from work and to use leave under FMLA for this absence.

32.

Plaintiff called to report this need prior to his scheduled report time for work.

33.

Plaintiff was, again, assessed 3 points for this "Late Sick". He was, also,

formally reprimanded because he had accumulated 11 points within the previous 12 calendar months and was in danger of being terminated.

34.

Plaintiff was reprimanded on this date by Defendant Gay.

35.

Plaintiff was suspended by Defendant Gay for 3 days, from 11/17/13 to 11/19/13.

36.

Defendant Gay forced Plaintiff to author a "Letter of Commitment" to explain to AirTran how he would improve his attendance.

37.

At this time, Plaintiff was informed, by Defendant Gay, that, rather than calling-in sick within 2 hour of his report time, if Plaintiff reported to work, checked-in, and subsequently called-out sick after arriving, using his FMLA coverage, that the absence would then be completely excused and he would not be assessed points.

38.

On November 17, 2013, Plaintiff called out sick for a new condition.

39.

The day after this November 17, 2013 sick call, Plaintiff saw his physician for this illness and was diagnosed with a new serious health condition that would require him to miss intermittent periods at work. On this day, Plaintiff provided his physician with FMLA paperwork to complete.

40.

At or about that time, Defendant Gay assessed Plaintiff three points for his November 17, 3013 sick call.

41.

Sometime during the week of November 18, 2013, Plaintiff's supervisor, Defendant Gay, called to summon him to a "fact-finding" meeting on November 27, 2013.

42.

During this phone call, Plaintiff informed Defendant Gay that he had submitted FMLA paperwork to his physician, stemming from his November 17, 2013 absence, and was waiting for it to be returned to him.

43.

On November 27, 2013, Plaintiff attended the "fact-finding" meeting with his

supervisor Defendant Gay and Defendant Laurent.

44.

During the "fact-finding" meeting, Plaintiff reiterated that he had been diagnosed with a new, serious health condition that would require him to miss work intermittently and that he would be submitting the paperwork to the Human Resources Department as soon as he received it back from his physician.

45.

On December 2, 2013, Plaintiff submitted FMLA paperwork, notifying AirTran of the need for intermittent leave for this condition. Plaintiff notified AirTran, in writing, that the period of time for the requested coverage would be retroactive to include Plaintiff's November 17, 2013 sick call.

46.

On December 10, 2013, AirTran approved Plaintiff's FMLA request for his new serious health condition.

47.

On December 13, 2013, Defendant Laurent terminated Plaintiff citing his "Late Sick Call" from November 17, 2013 as having brought his point total to 14 within a 12 month period.

48.

Defendant Laurent made the decision to terminate Plaintiff and/or received permission to terminate Plaintiff.

49.

Defendant Laurent terminated Plaintiff using authority to do so delegated to her by AirTran and/or SWA.

50.

Defendant Laurent possessed and/or exercised final decision making authority on behalf of AirTran and/or SWA with respect to Plaintiff's termination.

51.

Defendant AirTran is vicariously liable for the actions of its agents, Defendants Laurent and Gay.

52.

Defendant SWA is vicariously liable for the actions of its agents, Defendants AirTran, Laurent and Gay.

53.

In interfering with Plaintiff's rights under FMLA Defendants Laurent and

Gay acted willfully, wantonly and intentionally to harm Plaintiff and his federally protected rights.   Additionally, and in the alternative, Defendants Laurent and Gay acted with reckless disregard for Plaintiff and his federally protected rights.

54.

In retaliating against Plaintiff, and ultimately terminating Plaintiff, for exercising his rights under FMLA, Defendants Laurent and Gay acted willfully, wantonly and intentionally to harm Plaintiff and his federally protected rights. Additionally, and in the alternative, Defendants Laurent and Gay acted with reckless disregard for Plaintiff and his federally protected rights.

## COUNT I – INTERFERENCE

## FAMILY MEDICAL LEAVE ACT

## DEFENDANTS GAY, AIRTRAN & SWA

55.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

56.

Defendants Gay, AirTran and SWA interfered with, restrained and denied

Plaintiff the ability to take leave, in violation of FMLA, by assessing him points for his FMLA qualified October of 2013 absence.

57.

Defendants Gay, AirTran and SWA interfered with, restrained and/or denied Plaintiff the ability to take leave, in violation of FMLA, when he was suspended from November 17, 2013 to November 19, 2013 for his FMLA qualified October of 2013 absence.

58.

Plaintiff is entitled to an award of wages, salary, employment benefits, or other compensation denied or lost by reason of the violation; actual monetary losses sustained by Plaintiff as a direct result of the violation, interest, liquidated damages, and all other appropriate damages and remedies available under 29 U.S.C. §2617 and all federal statutes providing remedies for violations of the Family Medical Leave Act including such equitable relief as may be appropriate, including employment reinstatement, front pay with benefits and promotion.

## COUNT II – RETALIATION & DISCRIMINATION

## FAMILY MEDICAL LEAVE ACT

## DEFENDANTS GAY, AIRTRAN & SWA

59.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

60.

Defendants Gay, AirTran and SWA discriminated against Plaintiff, in violation of FMLA, by reprimanding him and assessing him points which ultimately led to his termination, for his October of 2013 leave.

61.

Defendants Gay, AirTran and SWA discriminated against Plaintiff, in violation of FMLA, when he was suspended from November 17, 2013 to November 19, 2013 for his October of 2013 leave.

62.

Plaintiff is entitled to an award of wages, salary, employment benefits, or other compensation denied or lost by reason of the violation; actual monetary losses sustained by Plaintiff as a direct result of the violation, interest, liquidated damages,

14

and all other appropriate damages and remedies available under 29 U.S.C. §2617 and all federal statutes providing remedies for violations of the Family Medical Leave Act including such equitable relief as may be appropriate, including employment reinstatement, front pay with benefits and promotion.

## COUNT III – INTERFERENCE

## FAMILY MEDICAL LEAVE ACT

## DEFENDANTS GAY, LAURENT, AIRTRAN & SWA

63.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

64.

Defendants Gay, Laurent, AirTran and SWA interfered with, restrained and/or denied Plaintiff the ability to take leave, in violation of FMLA, by assessing him points for his November 17, 2013 FMLA-qualified absence.

65.

Defendants Gay, Laurent, AirTran and SWA restrained, interfered with and/or denied Plaintiff the ability to take leave, in violation of FMLA, by

terminating Plaintiff on December 13, 2013.

66.

Plaintiff is entitled to an award of wages, salary, employment benefits, or other compensation denied or lost by reason of the violation; actual monetary losses sustained by Plaintiff as a direct result of the violation, interest, liquidated damages, and all other appropriate damages and remedies available under 29 U.S.C. §2617 and all federal statutes providing remedies for violations of the Family Medical Leave Act including such equitable relief as may be appropriate, including employment reinstatement, front pay with benefits and promotion.

## COUNT IV – RETALIATION & DISCRIMINATION

## FAMILY MEDICAL LEAVE ACT

## DEFENDANTS LAURENT, AIRTRAN & SWA

67.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

16

68.

Defendants Laurent AirTran and SWA discriminated against Plaintiff for his attempt to exercise his rights, in violation of FMLA, by terminating him on December 13, 2013.

69.

Defendants Laurent, AirTran and SWA terminated Plaintiff, in violation of FMLA, for his use of, or attempted use of, leave under FMLA on November 17, 2013.

70.

Plaintiff is entitled to an award of wages, salary, employment benefits, or other compensation denied or lost by reason of the violation; actual monetary losses sustained by Plaintiff as a direct result of the violation, interest, liquidated damages, and all other appropriate damages and remedies available under 29 U.S.C. §2617 and all federal statutes providing remedies for violations of the Family Medical Leave Act including such equitable relief as may be appropriate, including employment reinstatement, front pay with benefits and promotion.

## DEMAND FOR JUDGMENT

71.

Plaintiff respectfully requests that this Honorable Court:

(a)    Adjudicate and declare that Defendants have violated the rights of Plaintiff under the federal statutes or acts listed above;

(b)    Permanently enjoin Defendants from violating, in the future, the rights of Plaintiff under any of the federal statutes or acts listed above;

(c)    Award Plaintiff appropriate back pay, including reimbursement for lost pay and benefits in the amounts to be shown at trial;

(d)    Award Plaintiff prejudgment interest as required by law;

(e)    Award Plaintiff compensatory damages for emotional pain and suffering;

(f)    Order Plaintiff's reinstatement;

(g)    Award Plaintiff front pay while pending reinstatement; or

(h)    Award Plaintiff front pay in lieu of reinstatement;

(i)    Award Plaintiff punitive damages against Defendant AirTran;

(j)    Award Plaintiff punitive damages against Defendant SWA;

(k)    Award Plaintiff punitive damages against Defendants Gay and Laurent;

18

(l)   Award Plaintiff the expenses of this litigation, including attorney fees,

expert witness fees, costs, disbursements; and

(m)   Grant such additional relief as may be just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues triable by a jury.

Respectfully submitted this _____ day of January, 2015.

/s/ Jason R. Carnell
Jason R. Carnell
Georgia Bar No.:   198923
Attorney for Plaintiff

The Carnell Law Firm, LLC.
4989 Peachtree Parkway, Ste 200
Peachtree Corners, GA 30092
770-322-4990 (ph)
770-942-0133 (fax)
Jason@carnellfirm.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing had prepared in compliance with Local Rule 5.1(B) in 14-point Times New Roman typeface.

Respectfully submitted this _____ day of January, 2015.

/s/ Jason R. Carnell
Jason R. Carnell
The Carnell Law Firm, LLC.
Georgia Bar No.:   198923
Attorney for Plaintiff

The Carnell Law Firm, LLC.
4989 Peachtree Parkway, Ste 200
Peachtree Corners, GA 30092
770-322-4990 (ph)
770-942-0133 (fax)
Jason@carnellfirm.com